989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert E. LEE, Petitioner-Appellant,
v.
John HUSZ and Unknown Parole Board Members, Respondents-Appellees.
 No. 92-4045.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1993.
Decided March 10, 1993.
 
 Before BAUER, Chief Judge, and FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The district court concluded that this action must proceed as a petition for a writ of habeas corpus rather than a suit under 42 U.S.C. § 1983. This led straight to dismissal, for Lee has not exhausted any remedies open to him under state law. Lee now requests a certificate of probable cause so that he may contest this decision on appeal.
 
 
 2
 The district court dismissed the action without requiring the state officials to respond. Lee's own pleadings, which are all we have to go on, do not clearly identify either what aspect of state law aggrieves him, or what relief he wants. Such details make the difference between a § 1983 action and the kind of claim that may be pursued only by a request for a writ of habeas corpus. See Clark v. Thompson, 960 F.2d 666 (7th Cir.1992). If, as Lee's papers in this court imply, he is seeking only prospective relief that would require the state to change its procedures in some way, then § 1983 is an appropriate vehicle, and exhaustion is unnecessary.
 
 
 3
 It is also unclear whether Lee's request establishes a justiciable case or controversy. It may be that Lee is asking the court to declare what will happen if he is released on parole, and if he then violates the terms of his release. Piling one contingency on another does little except establish that the complaint is a request for an advisory opinion.
 
 
 4
 We issue a certificate of probable cause and vacate the judgment of the district court. The case is remanded with instructions to determine whether there is a live controversy and, if there is, to apply the framework of Clark in choosing between § 1983 and habeas corpus.